UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

XAVIER PETTIFORD,

                                 Plaintiff,

   -against-

THE CITY OF NEW YORK, a municipal entity; New York City Police Department ("NYPD") Detective PATRICK FITZSIMONS, in his individual capacity; NYPD Police Officer ERIC RYAN, in his individual capacity; NYPD Detective JASON ZUMMO, in his individual capacity; and NYPD Police Officers JOHN DOEs (whose identities are presently unknown), in their individual capacities,

                                 Defendants.

------------------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No.

Plaintiff XAVIER PETTIFORD, by and through his attorneys, Bernstein Clarke & Moskovitz PLLC, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Xavier Pettiford brings this civil rights action because his constitutional and civil rights were violated by New York City Police Department ("NYPD") Detective Patrick Fitzsimons, NYPD Police Officer Eric Ryan, NYPD Detective Jason Zummo, and NYPD Police Officers John Does. The defendant officers entered Mr. Pettiford's home, where two of his children were present, and violently assaulted him while arresting him even though he was offering no resistance. Defendants Fitzsimons, Ryan, and Zummo later provided false allegations to the District Attorney's Office that caused Mr. Pettiford to be charged with serious, felony charges, when there was no basis for any such charge. As a result, Mr. Pettiford was wrongfully incarcerated for nearly two weeks. A grand jury later entered a no true bill and all charges against Mr. Pettiford were dismissed.

2. Mr. Pettiford seeks recompense for the violations of his rights and to hold the defendants accountable for their actions. He seeks, among other things, compensatory damages for his physical and mental injuries and for the loss of his freedom, as well as punitive damages for the defendants' egregious misconduct.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 for violations of plaintiff's civil rights secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

4. This action also involves violations of plaintiff's rights under Article 1 §§ 1, 6, and 12 of the New York State Constitution and New York State common law.

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District, where the events giving rise to this action took place.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

8. Plaintiff XAVIER PETTIFORD is a citizen of the United States and of the State of New York. At all times relevant to this complaint, he resided in the State of New York.

9. Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

10. The City is authorized by law to maintain a police department and does maintain the New York City Police Department (hereinafter referred to as "NYPD"). The NYPD acts as

the City's agent and the City assumes the risks incidental to the maintenance of a police department and the employment of police officers.

11. Upon information and belief, at all relevant times, defendants NYPD Detective PATRICK FITZSIMONS, NYPD Police Officer ERIC RYAN, Detective JASON ZUMMO, and NYPD Police Officers JOHN DOEs (whose identities are presently unknown) were and are citizens of the United States and the State of New York.

12. At all relevant times, the individual defendants were employed by the City and acted under color of law in the course and scope of their duties and authority as officers, agents, servants, and employees of the NYPD and the City.

13. At all relevant times, the individual defendants violated plaintiff's clearly established rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1 §§ 1, 6, and 12 of the New York State Constitution, of which reasonable law enforcement officers in their respective circumstances would have known were violations of plaintiff's rights.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

14. Plaintiff served a Notice of Claim upon the City by electronic means, as prescribed by the Office of the New York City Comptroller, on August 17, 2016, within ninety days of the events giving rise to plaintiff's claims.

15. Plaintiff received electronic confirmation that his Notice of Claim was received by the New York City Comptroller's Office.

16. Defendant City conducted an examination of plaintiff pursuant to New York General Municipal Law § 50-h on July 14, 2017.

17. More than thirty days have elapsed since the Notice of Claim was served on the New York City Comptroller's Office, and the City has neglected and/or refused to adjust or pay said claims.

18. This action is filed within one year and ninety days of the events giving rise to plaintiff's malicious prosecution claim.

## STATEMENT OF FACTS

19. On January 12, 2016, Mr. Pettiford was home at 22-20 Deerfield Road in Far Rockaway, Queens.

20. He lived there with four of his children and Stacey Lawrence, who is the mother to four of his children.

21. After getting the older children off to school, Mr. Pettiford was in the bathroom brushing his teeth when men attacked him.

22. Upon information and belief, the people who attacked Mr. Pettiford were defendants Fitzsimons, Ryan, Zummo, and one or more others whose identities are presently unknown and are named herein as John Does.

23. One of the officers grabbed Mr. Pettiford in the bathroom, slammed him against the wall, pulled him into the hallway, where he slammed him against another wall, and where one or more of defendants Fitzsimons, Ryan, Zummo, and Does pulled him to the ground.

24. Mr. Pettiford never resisted and did not even have time to respond to the violent onslaught.

25. When Mr. Pettiford was on the ground, defendants Fitzsimons, Ryan, Zummo, and one or more others placed intense weight on his back, kneed and/or kicked him in his back, side, and legs, and repeatedly punched him in his face and neck while he was being held down.

26. Mr. Pettiford's infant son and four-year-old son were both home while the defendant officers assaulted their father.

27. Mr. Pettiford was taken to the 101st Precinct where he was held for several hours without medical attention.

28. Mr. Pettiford was then taken to Central Booking where he was warned that receiving medical attention would delay the arraignment process; so he declined medical attention to avoid being held any longer than necessary.

29. Defendant Ryan provided false allegations to the District Attorney's Office, which included a false sworn statement that he had reviewed and examined an order of protection and that the order of protection stated that Mr. Pettiford was to stay away from Stacey Lawrence's home and refrain from having any contact with her.

30. In fact, the order of protection was a limited order that did not require Mr. Pettiford to stay away from Ms. Lawrence and did not bar Mr. Pettiford from contacting her.

31. Defendant Ryan also alleged that while he was arresting Mr. Pettiford, Mr. Pettiford flailed his arms, twisted his body, kicked his legs, and pushed Officer Ryan, Officer Zummo, and Detective Fitzsimons. Those allegations are false.

32. Based on these false allegations, the District Attorney's Office prepared a Criminal Court Complaint that charged Mr. Pettiford under Docket Number 2016QN002259 with the felony offense of Criminal Contempt in the First Degree as well as the misdemeanor offense of Resisting Arrest. However, Mr. Pettiford was not arraigned under this Criminal Complaint.

33. Upon information and belief, before Mr. Pettiford was arraigned, it became clear that the Criminal Contempt charge was baseless, and the District Attorney could not proceed with the Complaint as prepared.

34. A second Criminal Court Complaint, with new, and more serious, felony charges, was prepared and signed by Defendant Ryan.

35. The second Complaint includes allegations attributed to Officer Zummo and Detective Fitzsimons that Mr. Pettiford flailed his arms, twisted his body, kicked his legs, and pushed both officers in an attempt to avoid being placed under arrest. Those allegations are false.

36. Upon information and belief, defendants Ryan, Zummo, and Fitzsimons failed to inform the District Attorney that they initiated the senseless and violent assault without legal justification within Mr. Pettiford's home.

37. Based on the false allegations provided by defendants Ryan, Zummo, and Fitzsimons, Mr. Pettiford was charged with two counts of Assault in the Second Degree (felony assault of a police officer), two counts of Assault in the Third Degree, Obstructing Governmental Administration, and Resisting Arrest.

38. After he was arraigned, Mr. Pettiford was taken to Rikers Island, where he was incarcerated until January 26, 2016.

39. The District Attorney's Office made several plea offers, which Mr. Pettiford rejected because he was innocent.

40. Mr. Pettiford had to return to court several times to face the serious criminal charges against him.

41. On May 19, 2016, a Grand Jury voted "No True Bill," and on June 16, 2016, the charges against Mr. Pettiford were dismissed.

42. Plaintiff suffered serious physical injuries as a result of defendants' conduct. These injuries have caused plaintiff substantial pain and suffering.

43. Plaintiff also suffered, among other things, the loss of his freedom, embarrassment, humiliation, fear, alienation from his children, and the violation of his constitutional rights.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Federal Constitutional Violations

44. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

45. In committing the acts and omissions complained of herein, the individual defendants acted under color of state law, individually and in concert, to deprive plaintiff of his constitutionally protected rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including, but not limited to:

    a. the right to be free from unreasonable searches;

    b. the right to be free from unreasonable seizures, including through excessive force;

    c. the right to be free from arrest without probable cause;

    d. the right to be free from deprivation of liberty without due process of law;

    e. the right to be free from unreasonable interference with familial relationships;

    f. the right to be free from detention and prosecution without probable cause;

    g. the right to necessary medical care while in police custody;

    h. the right to a fair trial; and

    i. the right not to be deprived of liberty based on the fabrication of evidence.

7

46. In committing the acts and omissions complained of herein, the individual defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

47. As a direct and proximate result of the individual defendants' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

48. The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Violation of the New York State Constitution

49. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

50. Defendants Fitzsimons, Ryan, and Zummo subjected plaintiff to the foregoing acts and omissions without due process of law, thereby depriving plaintiff of rights, privileges, and immunities guaranteed by Article 1 §§ 1, 6, and 12 of the New York State Constitution, including, without limitation, the rights and privileges secured to all citizens of the State of New York and the right to due process.

51. As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

52. Defendant City is vicariously liable for the conduct of the individual defendants as set forth herein.

### THIRD CAUSE OF ACTION
**Malicious Prosecution**

53. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

54. A criminal proceeding was commenced against Mr. Pettiford in Queens County Criminal Court.

55. The proceeding was initiated by a false complaint signed by defendant Ryan and based on false allegations by defendants Fitzsimons, Ryan, and Zummo.

56. The criminal proceeding was terminated in Mr. Pettiford's favor when the charges against him were dismissed.

57. There was no probable cause for any of the charges brought against Mr. Pettiford.

58. The proceeding was brought out of actual malice and in order to cover up for the defendants' misconduct.

59. Defendants Fitzsimons, Ryan, and Zummo committed the foregoing acts intentionally, willfully, and with malicious disregard for Mr. Pettiford's rights and are therefore liable for punitive damages.

60. As a direct and proximate result of the conduct of defendants Fitzsimons, Ryan, and Zummo, Mr. Pettiford suffered the injuries and damages set forth above.

61. The City is vicariously liable for the conduct of defendants Fitzsimons, Ryan, and Zummo as set forth herein.

### FOURTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**

62. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

63. Defendants Fitzsimons, Ryan, and Zummo, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally and/or recklessly caused plaintiff to suffer severe mental and emotional distress, pain and suffering, and damage to name and reputation.

64. Defendants Fitzsimons, Ryan, and Zummo committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

65. As a direct and proximate result of the conduct of defendants Fitzsimons, Ryan, and Zummo, plaintiff suffered the injuries and damages set forth above.

66. The City is vicariously liable for the conduct of defendants Fitzsimons, Ryan, and Zummo as set forth herein.

## **DEMAND FOR RELIEF**

**WHEREFORE**, plaintiff demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from the individual defendants to the extent allowable by law;

(c) attorneys' fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 6, 2017

BERNSTEIN CLARKE & MOSKOVITZ PLLC
11 Park Place, Suite 914
New York, New York 10007
(212) 321-0087

By: _____
Joshua S. Moskovitz