UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
XAVIER PETTIFORD,

                Plaintiff,                              Memorandum & Order
                                                          17-CV-5273

        - against -

THE CITY OF NEW YORK, a municipal entity; New York
City Police Department ("NYPD") Detective PATRICK
FITZSIMONS, in his individual capacity; NYPD Police
Officer ERIC RYAN, in his individual capacity; NYPD
Detective JASON ZUMMO, in his individual capacity;
and NYPD Police Officers JOHN DOEs (whose identities
are presently unknown), in their individual capacities,

                Defendants.
-------------------------------------------------------------------------x
GLASSER, Senior United States District Judge:

        On March 27, 2018 Magistrate Judge Orenstein issued a Memorandum & Order

("M&O") denying Defendants' motion for reconsideration of a February 28, 2018 order

requiring Defendants to produce certain discovery related materials. A review of the procedural

history of this case and the present submissions to the Court reveals a deeply disturbing pattern

of noncompliance by Defendants and defense counsel—or, in Magistrate Judge Orenstein's

words, "both frivolous and vexatious litigation." (Dkt. 52). For the reasons stated below, the

Defendants' objections to Magistrate Judge Orenstein's orders are hereby denied.

        A magistrate's decision regarding a non-dispositive pretrial matter may be modified or

set aside by a district court only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P.

72(a). Orders resolving pretrial discovery issues are generally considered non-dispositive.

Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). Rule 72(a) imposes a

"highly deferential standard of review," Lyondell-Citgo Refining, LP v. Petroleos de Venezuela,

S.A., No. 02-CV-795, 2005 WL 551092, at *1 (S.D.N.Y. March 9, 2005), pursuant to which "the

magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is 'left with the definite and firm conviction that a mistake has been committed.'" Nielsen v. New York City Dep't of Educ., No. 04-CV-2182, 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007); see also Wynder v. McMahon, No. 99-CV-772 ILG, 2008 WL 111184, at *1 (E.D.N.Y. Jan. 9, 2008). In short, under this highly deferential standard, magistrate judges are afforded broad discretion in resolving non-dispositive motions and reversal is only appropriate if that discretion is abused. Bai v. Zhuo, No. 13-CV-5790 ILG, 2014 WL 7385119, at *1 (E.D.N.Y. Dec. 29, 2014) (internal quotation marks and citations omitted).

The crux of the Defendants' arguments are as follows: Magistrate Judge Orenstein abused his discretion by (1) ruling "prematurely" on defendants' objections to document demands for executed releases from Defendants; (2) failing to properly apply Fed. R. Civ. P. 26 because the Plaintiff allegedly failed to make a threshold demonstration of necessity and relevance for documents sought; (3) misapplying the law regarding the invocation of the federal official information privilege and ignoring "specific harms" likely to result from disclosure the disputed information; (4) misapplying the law regarding the standards for reconsideration of a prior decision by failing to acknowledge the order resulted in clear error and manifest injustice.

Each objection can be summarily dismissed based on the evidence in the record. The first objection, that the magistrate ruled "prematurely" without allowing defense counsel time to object, is belied by the record wherein defense counsel not only precipitated but also participated in argument over the disputed material. The second objection, that the magistrate failed to properly apply Fed. R. Civ. P. 26, conveniently ignores the "attorneys' eyes only" protective

order in effect and ignores defense counsel's own admission that the evidence sought is relevant to the plaintiff's case. (Dkt. 42 at 3-4). The third objection is contradicted by Defendants' own admission that "no controlling case law from the Second Circuit or the Supreme Court exists as to the issue of protecting municipal law enforcement officers'" personal identifying information. (Dkt 61 at 13 n. 12). This contention also ignores the fact that the magistrate specifically considered the possibilities of harm set forth by the Defendants and found them to be "wholly speculative and implausible." (Dkt. 48). The fourth and final objection, that the magistrate misapplied the law regarding standards for reconsideration by failing to acknowledge the prior order resulted in clear error and manifest injustice—i.e. that the magistrate misapplied the law because he disagreed with the defendants' arguments—is conclusory and incorrect.

Having reviewed the February 28th and March 27th Orders, this Court is not left with a "definite and firm conviction that a mistake [was] committed" in those decisions. Indeed, a careful reading of the M & O reveals Defendants' claims to be meritless. Contrary to the contention of the Defendants' that Magistrate Judge Orenstein abused his discretion, it is apparent from the record that he employed his broad discretion regarding these discovery disputes with great care and consideration to both parties needs and concerns. Given the above, and the relevant case law, it cannot be said that Magistrate Judge Orenstein abused his discretion in ruling for the Plaintiffs. Defendants' objections to Magistrate Judge Orenstein's Memorandum and Orders are therefore OVERRULED in their entirety, which also renders Defendants' motion to stay the proceedings (Dkt. 70) as MOOT.

SO ORDERED.

Dated:  Brooklyn, New York
        May 15, 2018

                                    _____
                                              /s/
                                    I. Leo Glasser