# BERNSTEIN CLARKE & MOSKOVITZ

11 Park Place, Suite 914, New York, New York 10007
www.bcmlaw.com   Tel. (212) 321-0087   Fax (917) 722-0930

Andrew M. J. Bernstein
Lance A. Clarke
Joshua S. Moskovitz

July 18, 2018

**BY ECF**

Honorable James Orenstein
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Pettiford v. City of New York* et al., No. 17-cv-5273 (ILG) (JO)

Your Honor,

  I write as Plaintiff's counsel pursuant to Local Civil Rule 37.3 and Your Honor's Individual Practice Rules ¶ 4(A)(2) to raise a non-dispositive issue in the above-captioned matter.

  The issue arises from an incident that occurred during the deposition of Stacey Lawrence, a non-party witness deposed on July 12 at the office of the New York City Law Department. During that deposition, defendants' counsel, Lucienne Pierre, asked the witness if she had any tattoos and I objected. The witness testified that she had 23 tattoos and Ms. Pierre then asked her to describe all 23 tattoos. This question was wholly improper, and I told Ms. Pierre that if she persisted in asking it again, I would seek a protective order. Ms. Pierre persisted in this harassing line of questioning, and I told her that I wanted to contact Your Honor to seek a protective order. I asked Ms. Pierre to allow me to use the conference room phone to call the Court, but Ms. Pierre refused. Minutes before that, Ms. Pierre had called Your Honor from that same phone, and Your Honor sustained my objection to a question that called for attorney-client communications (ECF Doc. 111). Nonetheless, Ms. Pierre refused to allow me to use the phone and told me to use my cell phone instead. I explained that my cell phone did not have reception in her office, which is a commonly-known problem in the Law Department's office. Despite this, Ms. Pierre again refused to allow me to use the phone and as a result, I was unable to contact the Court to seek a protective order. The relevant portions of the transcript of the deposition are attached here as Exhibit 1.

  Fed. R. Civ. P. 30(d)(3)(A) permits a party to move "[a]t any time during a deposition" for an order limiting a deposition. Ms. Pierre unreasonably prevented Plaintiff from making an application under this rule during Ms. Lawrence's deposition. Ms. Pierre's conduct also violated Local Civil Rule 26.4(a), which provides that "[c]ounsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process *and to be courteous in their dealings with each other*" (emphasis added). It further violated New York Rule of Professional Conduct 3.2 ("In representing a client, a lawyer shall not use means that have no substantial purpose other than to delay or prolong the proceeding or to cause."); and Rule 3.3(f)

("a lawyer shall not . . . engage in undignified or discourteous conduct" or "engage in conduct intended to disrupt the tribunal").[1]

Sanctions are warranted. Fed. R. Civ. P. 30(d)(2) provides that "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(3)(C) provides for an award of expenses pursuant to Rule 37(a)(5) in connection with a motion to limit a deposition. Finally, 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court is well-familiar with the history of defense counsel's frivolous and vexatious litigation in this case.

Plaintiff submits that the appropriate sanction is for defense counsel to be ordered to pay for Plaintiff's fees and expenses in connection with making this application. In addition to the time that has been expended in preparing this application, Plaintiff incurred expense in obtaining the transcript of Ms. Lawrence's deposition. This expenditure of time and expense could have been avoided if Ms. Pierre had not prevented me from calling the Court during the deposition.

I intended to ask the Court to order also that any further depositions conducted by Defendants in this matter be held at my office. However, earlier this week, another attorney in the New York City Law Department, Evan Brustein, contacted me to say that he would be taking over litigation of this case. He assured me that he would be responsible for conducting any further depositions sought by Defendants. He also assured me that if any further depositions are conducted at his office, a telephone would be made available to me to contact the Court as needed. Accordingly, I am not seeking an order to require all future depositions at my office, but I reserve the right to request that relief if any circumstances arise that may warrant it. While Mr. Brustein assures me that he will be responsible for litigating this case going forward, he has not yet filed a notice of appearance and Ms. Pierre has not sought to withdraw from this case.

The fact that another attorney from the Law Department has now joined the defense team does not obviate the reason for issuing the requested sanction. I was not notified of Mr. Brustein's involvement in the case until after I began drafting this application, which was also after I had ordered the transcript of the non-party deposition on an expedited basis. I believed it was necessary to put this issue before the Court as quickly as possible given that Defendants had said they intended to take additional non-party depositions before the close of discovery on July 31, and I expected Ms. Pierre would be responsible for conducting those depositions.[2] Accordingly, the time and expense that Plaintiff has incurred in connection with this issue are not resolved by a change in defense counsel.

---

[1] This Court's Local Civil Rule 1.5(b)(5) provides for discipline of any attorney who "[i]n connection with activities in this Court, . . . [has] engaged in conduct violative of the New York State Rules of Professional Conduct."

[2] In the past two days, I have productive conversations with Mr. Brustein about resolving the discovery issues that Ms. Pierre left unresolved; we have also discussed the possibility of resolving this case. Mr. Brustein has said that he will seek an extension of discovery later today and I have consented to that request with certain stipulations.

      Finally, it is clear from the timing of Ms. Pierre's disengagement from this case, that the abrupt change in counsel was intended, among other things, to moot this issue. Respectfully, the Court should not condone that. There is an established history of misconduct by defense counsel in this matter. District Judge Glasser put it bluntly: "A review of the procedural history of this case . . . reveals a deeply disturbing pattern of noncompliance by Defendants and defense counsel—or, in Magistrate Judge Orenstein's words, 'both frivolous and vexatious litigation'" (ECF Doc. 95). Ms. Pierre's conduct, which occurred during the deposition of a non-party, was exceptionally unprofessional and it brings the legal profession and judicial process into disrepute. The Court should not sweep aside another violation of the rules of federal practice and professional conduct, lest such conduct be reproduced in other matters.

      I appreciate the Court's attention to this request.

Respectfully,

Joshua S. Moskovitz

cc:    Lucienne Pierre (by ECF)
       Evan Brustein (by email)