# EXHIBIT 1

```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ------------------------------------------------------------X
     XAVIER PETTIFORD,
 3
                                              PLAINTIFF,
 4
                       -against-            Case No.:
 5                                          17-CV--5273(ILG)(JO)

 6   THE CITY OF NEW YORK, a municipal entity; New
     York City Police Department ("NYPD") Detective
 7   PATRICK FITZSIMONS, in his individual capacity;
     NYPD Police Officer ERIC RYAN, in his individual
 8   capacity; NYPD Detective JASON ZUMMO, in his individual
     capacity; and NYPD Police Officers JOHN DOEs (whose
 9   identities are presently unknown), in their individual
     capacities,
10
                                              DEFENDANTS.
11   ------------------------------------------------------------X

12

13                       DATE:  July 12, 2018

14                       TIME:  10:36 A.M.

15

16

17        DEPOSITION of a non-party witness, STACEY LAWRENCE,

18   taken by the Defendants, pursuant to a Subpoena and to the

19   Federal Rules of Civil Procedure, held at the offices of

20   the New York City Law Department, 100 Church Street, 4th

21   Floor, New York, New York 10007, before Joanne Capparelli,

22   a Notary Public of the State of New York.

23

24

25
```

```
 1   A P P E A R A N C E S:

 2

 3   BERNSTEIN, CLARKE & MOSKOVITZ, PLLC
             Attorneys for the Plaintiff
 4           XAVIER PETTIFORD
             222 Broadway, 19th Floor
 5           New York, New York 10038
             BY:  JOSHUA S. MOSKOVITZ, ESQ.
 6

 7
     ZACHARY W. CARTER, ESQ.
 8   CORPORATION COUNSEL
     NEW YORK CITY LAW DEPARTMENT
 9           Attorneys for the Defendants
             THE CITY OF NEW YORK, a municipal entity; New York
10           City Police Department ("NYPD") Detective PATRICK
             FITZSIMONS, in his individual capacity; NYPD Officer
11           ERIC RYAN, in his individual capacity; NYPD
             Detective JASON ZUMMO, in his individual capacity;
12           and NYPD Police Officers JOHN DOES (whose identities
             are presently unknown), in their individual
13           capacities
             100 Church Street
14           New York, New York 10007
             BY:  LUCIENNE PIERRE, ESQ.
15           File #:  2017-05537
             Claim #:  170839
16

17
                     *         *         *
18

19

20

21

22

23

24

25
```

37
S. LAWRENCE

1      Q.    Can you tell me approximately how much you
2    weighed on January 2016?
3      A.    Probably 177.
4      Q.    Do you have any tattoos?
5      A.    Yes.
6      Q.    How many?
7      A.    23.
8      Q.    What are they of?
9            MR. MOSKOVITZ:  Objection.  What is the
10           relevance of what her tattoos are?  She's not
11           even the plaintiff in this case.
12           MS. PIERRE:  Are you directing her not to
13           answer?
14           MR. MOSKOVITZ:  If you can give me a
15           reasonable explanation about what all 23 tattoos
16           are about but if you can't I'm going to direct
17           her not to answer.
18           MS. PIERRE:  Based on relevance.
19           MR. MOSKOVITZ:  Call the court and I'll get
20           a protective order if you are going to persist in
21           this.  You are going to persist?
22           MS. PIERRE:  Stop talking.  I know that you
23           objected and you are directing her not to answer
24           so you can stop talking now.  This is a
25           deposition, not, you know, a forum for you to

DIAMOND REPORTING  (877) 624-3287  info@diamondreporting.com
37

37
S. LAWRENCE

1      Q.    Can you tell me approximately how much you
2    weighed on January 2016?
3      A.    Probably 177.
4      Q.    Do you have any tattoos?
5      A.    Yes.
6      Q.    How many?
7      A.    23.
8      Q.    What are they of?
9            MR. MOSKOVITZ:  Objection.  What is the
10           relevance of what her tattoos are?  She's not
11           even the plaintiff in this case.
12           MS. PIERRE:  Are you directing her not to
13           answer?
14           MR. MOSKOVITZ:  If you can give me a
15           reasonable explanation about what all 23 tattoos
16           are about but if you can't I'm going to direct
17           her not to answer.
18           MS. PIERRE:  Based on relevance.
19           MR. MOSKOVITZ:  Call the court and I'll get
20           a protective order if you are going to persist in
21           this.  You are going to persist?
22           MS. PIERRE:  Stop talking.  I know that you
23           objected and you are directing her not to answer
24           so you can stop talking now.  This is a
25           deposition, not, you know, a forum for you to

```
 1          give rambling whatever it is you are giving.  I
 2          ask questions; the witness answers.  That's how
 3          this works.
 4              MR. MOSKOVITZ:  My objections are not
 5          rambling.
 6              MS. PIERRE:  It's on the record.  It's
 7          noted.
 8              MR. MOSKOVITZ:  My objections are very
 9          cogent.
10     Q.   Do any of your tattoos have anything to do with
11 Xavier Pettiford?
12     A.   No.
13     Q.   What are the tattoos of?
14              MR. MOSKOVITZ:  I'm going to call the court
15          for a protective record.  May I have the phone,
16          please.
17              MS. PIERRE:  You can call on your own phone,
18          Mr. Pettiford.
19              MR. MOSKOVITZ:  My name is a not Pettiford.
20          It is very unconscionable of you to not let us
21          use the phone.
22              MS. PIERRE:  You can call the court.
23              MR. MOSKOVITZ:  Please pass me the phone.
24              MS. PIERRE:  No.
25              MR. MOSKOVITZ:  You are really not going to
```

1     pass the phone?
2            MS. PIERRE:  No.
3            MR. MOSKOVITZ:  Then we can sit here.  It's
4     the most unprofessional thing that ever happened
5     to me at a deposition in this building and that's
6     saying a lot.
7            For the record, I'm not getting any
8     service from my cell phone.
9            MS. PIERRE:  Are you done?  You are talking
10    at random.
11           MR. MOSKOVITZ:  We're waiting for the
12    conference phone to be made available to us to
13    call the judge because Ms. Pierre refuses to
14    provide the conference phone and I'm not getting
15    any service from my cell phone so I couldn't call
16    the court from my cell phone if I wanted to.  You
17    may proceed, Ms. Pierre.
18           MS. PIERRE:  I don't need permission to
19    continue with my own deposition.
20           MR. MOSKOVITZ:  I don't think any of us
21    needs to make a snarky remark.
22           MS. PIERRE:  You are making a snarky remark.
23    You are obstructing this deposition and it's
24    inappropriate.
25           MR. MOSKOVITZ:  I disagree.

1      MS. PIERRE:  Are you done obstructing the
2  deposition.  I'd like to continue the deposition
3  whenever you finish speaking.
4      MR. MOSKOVITZ:  As I've said I have no
5  problem with you proceeding with the deposition.
6  Q.   Where are the tattoos?
7      MR. MOSKOVITZ:  Objection.  I'm like to make
8  a call to the judge to make a protective order.
9  Can you pass the phone.
10      MS. PIERRE:  No.
11      MR. MOSKOVITZ:  You are refusing to allow me
12  to use the conference because I'm not getting any
13  service on my cell phone?
14      MS. PIERRE:  Your objection is noted on the
15  record.  We're continuing with the deposition
16  right now.
17  Q.   Please describe your current hairstyle?
18      MR. MOSKOVITZ:  Objection.  You can answer.
19  A.   It's just straight parted, highlight.
20  Q.   Did you have the same hairstyle on January 2016?
21  A.   No.
22  Q.   How is it different?
23  A.   I don't remember.
24  Q.   How long have you lived at 2220 Deerfield Road?
25  A.   23 years.