

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**LUCIENNE PIERRE**
*Senior Counsel*
Phone: (212) 356-2415
Fax: (212) 356-3509
lpierre@law.nyc.gov

July 23, 2018

**VIA ECF**
Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

      Re:    <u>Xavier Pettiford v. City of New York, et al.</u>,
             17 CV 05273 (ILG) (JO)

Your Honor:

      Pursuant to the Court's Orders dated July 18, 2018 and July 19, 2018, I write at the Court's invitation to explain why my conduct at the July 12, 2018 deposition does not warrant referral to the Committee on Grievances. As demonstrated below, the undersigned has not violated any New York State Rule of Professional Conduct. As such, this matter should not be referred to the Committee on Grievances.

      At the outset I wish to make clear that I should not have denied counsel access to the office telephone, and I apologize to counsel and the Court for my failure to grant such access. My intent was not to be discourteous or to disrupt, delay or prolong the July 12, 2018 deposition, or cause needless expense, in violation of Rules 3.2 or 3.3 of the New York Rules of Professional Conduct. To the contrary, because plaintiff's counsel objected to my question on the basis of relevance, and because the Court had previously ruled that relevance is not a basis for directing a witness to not answer a question – that there needed to be a privileged asserted – my intent was simply to avoid any further interruptions and delays, including unnecessarily calling the Court. And although admittedly inappropriate, as discussed more fully below, my conduct did not rise to the level of a violation of any of the Rules of Professional Conduct.

      On July 12, 2018, the undersigned deposed third party Stacey Lawrence at the New York City Law Department. Plaintiff's counsel, Joshua Moskovitz, defended Ms. Lawrence's

deposition.[1] It was the undersigned's third attempt to depose Ms. Lawrence. The first two scheduled dates did not go forward because the parties were at conference with Your Honor on the first date, and because Ms. Lawrence, who had been subpoenaed, simply failed to appear on the second scheduled date. On July 12, 2018, Ms. Lawrence appeared for deposition, approximately one-half hour late.

During plaintiff's deposition, plaintiff's counsel objected to a question regarding Ms. Lawrence's tattoos. Ms. Lawrence, plaintiff's girlfriend of fifteen years, had testified that she had twenty-three tattoos, and in follow-up, I asked her to describe them. The purpose of the question was to ascertain whether any of Ms. Lawrence's tattoos pertained to plaintiff, or otherwise provided any insight into possible bias. Plaintiff's counsel objected to the question, on relevance grounds, and directed Ms. Lawrence not to answer. I explained that his objection based on relevance was noted on the record and I continued with my questioning. Plaintiff's counsel again interrupted and requested to use the office telephone to contact the Court to seek a protective order. Believing this to be an improper request based on the Court's prior rulings, I denied this request.

As the copy of the transcript plaintiff's counsel attached to his July 18, 2018 motion demonstrates, the undersigned, in consideration of plaintiff's counsel's objections and in an effort to avoid any further delay or need for judicial intervention, moved away from the issue of description of the deponent's twenty-three tattoos. Thereafter, the undersigned continued the deposition as much and as far as possible and attempted to resolve any further disputes regarding questions by later rephrasing or modifying the questions asked. With respect to information regarding any bias the tattoos may reveal, I used a variety of different questions, and tried to avoid any objectionable phrasing of my questions. At one point, I simply asked Ms. Lawrence whether any of her tattoos had anything to do with Xavier Pettiford. Ms. Lawrence answered "No," to that question.[2] However, at the end of the deposition, Ms. Lawrence admitted that indeed at least one of her tattoos was a declaration of love for plaintiff. The question asked at the end of the deposition was a particular attempt to obtain the information necessary for effective cross-examination of Ms. Lawrence, without raising any objection from plaintiff's counsel and further delaying the deposition.

Although it does not excuse my failure to allow plaintiff's counsel access to the office telephone, I continue to believe that plaintiff's counsel's objection lacked merit, and more importantly, was not a basis to seek judicial intervention in a case where the Court had already ruled on such objections and had expressed frustration with the excessive motion practice. In prior discovery disputes in this litigation, Your Honor has ruled that relevance is not a basis for directing a witness to not answer a question – that there needed to be a privilege asserted. For example, at the officer defendants' depositions, the undersigned objected on relevance grounds to certain questions that were asked, and was specifically instructed by this Court that unless

---

[1] The undersigned has not yet received a copy of Ms. Lawrence's deposition, and thus recounts the events that took place during Ms. Lawrence's deposition from memory. (Upon receipt of the deposition transcript, the undersigned will furnish the Court with a copy of the transcript, upon request.)

[2] Docket No. 112-1 at 38:10-12.

- 2 -

defense counsel asserted a privilege, the witness was to answer the question asked. It was with that in mind that I believed that plaintiff's counsel was wrong when he directed the witness not to answer the question based on his objection for relevance, and that his insistence on calling the Court was an attempt to unnecessarily interrupt / obstruct the deposition. My refusal to allow him to use the office speakerphone was not to delay or obstruct, but quite the opposite – to continue, uninterrupted, with the deposition. Had the objection been based on an assertion of a privilege, I would have afforded plaintiff's counsel the courtesy of using the speakerphone, if we could not resolve the issue ourselves. Because my understanding of the Court's standing Order in relation to objections made in depositions in this matter was that counsel could only advise a client to not answer a question if the question improperly impinged on privilege, the undersigned submits that there was no violation of New York Rule of Professional Conduct Rules 3.2, 3.3(f), 3.4(a)(6) or 3.4(c).

The undersigned's conduct also did not violate Rule 8.4 or any other New York Rule of Professional Conduct. The undersigned did not engage in any illegal conduct (Rule 8.4(b)), or any conduct that is prejudicial to the administration of justice (Rule 8.4(d)). Nor was my error in denying plaintiff's counsel access to the office speakerphone conduct that adversely reflects on my fitness as a lawyer (Rule 8.4(h)).

Finally, plaintiff's counsel's letter intimates that my disengagement from this case is intended to, among other things, moot this issue regarding the speaker-phone, and his July 18, 2018 motion. I assure the Court that that is not the case. I specifically – orally and in writing - requested that this matter be reassigned, and my Office granted my request. My request had absolutely nothing to do with any effort by myself or my Office to moot plaintiff's July 18, 2018 letter, or any issue arising out of the July 12, 2018 deposition of Stacey Lawrence. Should the Court need additional information about the reassignment of this matter, these discussions would need to take place *in camera*, since further explanation requires disclosure of confidential communications not appropriately filed on a public docket.

For the reasons set forth above, the undersigned submits that this Court should not refer this matter to the Committee on Grievances. The undersigned regrets not providing plaintiff's counsel with the use of a speakerphone on July 12, 2018. In the future, regardless of the undersigned's estimation regarding the merit of any application opposing counsel seeks to make with the Court, the undersigned will allow opposing counsel to use the speakerphone during a deposition.

    Respectfully submitted,

    /s/
    Lucienne Pierre

cc: Joshua Moskovitz (via ECF)
    *Plaintiff's Counsel*