

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

July 23, 2018

**VIA ECF**
Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

      Re:    <u>Xavier Pettiford v. City of New York, et al.</u>,
              17 CV 05273 (ILG) (JO)

Your Honor:

      Pursuant to the Court's Orders dated July 18, 2018 and July 19, 2018, the undersigned attorneys write at the Court's invitation to set forth why the conduct of the Assistant Corporation Counsel taking the deposition of a non-party witness on July 12, 2018 does not warrant referral of the undersigned to the Grievance Committee pursuant to Rule 5.1 of the Rules of Professional Conduct ("RPC").

      As an initial matter, this Office regrets the manner in which the ACC handled plaintiff's counsel's request to use the speakerphone during the July 12, 2018 deposition of a non-party witness. That response was inappropriate and is not the policy or practice of this Office.

      Although this Office and the undersigned neither agree with nor countenance the actions of the ACC regarding the use of this Office's telephone during the July 12, 2018 deposition, for the reasons set forth in the July 23, 2018 letter of Lucienne Pierre, we do not believe that her conduct warrants referral to the Grievance Committee. Further, for the reasons stated below, the undersigned should not be referred to the Grievance Committee under any subsection of Rule 5.1.

      Rule 5.1 requires managing and/or supervising attorneys to, in sum and substance, make reasonable efforts to ensure that the office has in effect measures giving reasonable assurance that all lawyers in the office are familiar with the Rules of Professional Conduct ("RPC") and make reasonable efforts to ensure that lawyers in the office

conform to those Rules. Rule 5.1 further provides that a lawyer is responsible for another lawyer's violations of the RPC when: (1) the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action. The undersigned submit that under these measures, referral to the Grievance Committee is not warranted.

With respect to ensuring that all attorneys are familiar with the RPC, the Court should be assured that this Office takes the RPC and the ethical obligations of its attorneys very seriously. To that end, there are measures in place to ensure that all lawyers are aware of the RPC and their ethical obligations. More specifically, there is RPC training for all incoming attorneys and ongoing ethics training in discrete areas. Further, this Office integrates ethics into all substantive training courses as appropriate. Additionally, there is a system in place to monitor adherence to the rule requiring every attorney to procure four ethics credits during each monitoring cycle. Also, this office has an Ethics Compliance Officer who periodically attends Division Meetings and makes all attorneys aware of her availability and willingness to address any ethical issues they might confront.

Referral to the Grievance Committee is further not warranted because none of the undersigned were present at the deposition during which the conduct in question occurred – nor did the ACC seek the guidance of any of the undersigned during the deposition. Instead, the attorney made a split second – albeit improper – decision on how to handle the matter based on her understanding of the Court's prior ruling. Thus, none of the undersigned can be said to have ratified the conduct in question. Further, when we learned of the conduct at issue, the attorney was informed that she should have allowed plaintiff's counsel access to the speakerphone. Had any of the undersigned been present or consulted during the deposition, they would have informed the ACC to allow counsel the use of the phone.

For the foregoing reasons and the reasons set forth in Ms. Pierre's letter of the same date to this Court, neither the ACC nor the undersigned should be referred to the Grievance Committee.

Thank you for your consideration herein.

Respectfully submitted,

| _____/s/_____ | _____/s/_____ | _____/s/_____ |
|---|---|---|
| Elizabeth Dollin | Genevieve Nelson | Mary O'Flynn |
| edollin@law.nyc.gov | gnelson@law.nyc.gov | moflynn@law.nyc.gov |
| 212-356-2352 | 212-356-2645 | 212-356-2352 |